# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. STEVENS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 4:15-CV-1929 |
| | : | |
| SUPERINTENDENT ECKARD, | : | (Judge Brann) |
| | : | |
| Respondent. | : | |

## MEMORANDUM OPINION

### JULY 12, 2018

**I. BACKGROUND**

Robert J. Stevens, an inmate presently confined at the State Correctional Institution, Huntingdon, Pennsylvania, (SCI-Huntingdon), filed this *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. SCI-Huntingdon Superintendent J. A. Eckard has been deemed to be the sole Respondent in this matter. Service of the petition was previously ordered.

Stevens was arrested and charged with multiple crimes stemming from two purported incidents of physical and sexual abuse against his girlfriend. During the first incident on September 10, 2009, Petitioner used his vehicle to strike the victim's vehicle. Following his release on bail on January 14, 2010, Stevens went to the victim's house in violation of the conditions of his release and subjected her

to physical and sexual assault.  Stevens then transported the victim against her will to a neighboring state.  The charges stemming from the two incidents were subsequently consolidated for trial.  On November 2, 2010, Stevens was found guilty of aggravated assault, kidnapping, rape, burglary, robbery, and related offenses following a jury trial in the Court of Common Pleas of Monroe County, Pennsylvania.  The Petitioner was sentenced to an aggregate forty-six (46) to ninety-two (92) year term of imprisonment on June 15, 2011.

Following a direct appeal to the Superior Court of Pennsylvania, Petitioner's conviction and sentence were affirmed on March 7, 2013.  *See Commonwealth v. Stevens*, 69 A.3d 1284 (Pa. Super. 2013).  Stevens' direct appeal contended that the trial court erred by allowing State Trooper Slavin to provide expert testimony about blood spatter patterns and by refusing to allow the victim to be cross examined regarding her history of consensual bondage with Stevens.  There is no indication that Petitioner requested further review from the Supreme Court of Pennsylvania.

Stevens subsequently sought collateral relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA).  Following the appointment of counsel and submission of an amended petition, Petitioner's PCRA action was denied by the trial court on June 9, 2014.  The Superior Court affirmed the denial of PCRA relief. *See Commonwealth v. Stevens*, 121 A.3d 1142  (Pa. Super.  April 27, 2015).

In his PCRA appeal, Stevens raised claims that the trial counsel's failure to file a pre-trial motion to sever and a motion under the Rape Shield Law amounted ineffective assistance of counsel. *See id.*, p. 29. The Superior Court found that the failure to file a motion to sever did not prejudice Stevens since evidence relating from the first incident was relevant and properly admitted to show motive for the second incident. The Superior Court further determined that the failure to file a Rape Shield related motion for the purpose of allowing cross-examination of the victim regarding prior consensual bondage with the Petitioner was not prejudicial. The Superior Court concluded that since it was the Commonwealth's theory of the case that the sexual assault occurred <u>after</u> the victim lost consciousness due to a physical assault by Stevens, any evidence of prior consensual bondage was rendered irrelevant.

Ground One of Stevens' pending petition claims entitlement to federal habeas corpus relief on the basis that trial counsel provided ineffective assistance by failing to question the victim regarding alleged prior, consensual sexual bondage. Petitioner maintains that this line of questioning would have been admissible if his trial counsel had pursued a motion under the Pennsylvania Rape Shield Law with respect to the Commonwealth's claim that the victim had been beaten, bound and raped. Petitioner adds that the trial court and Superior Court papered over this claim by determining that the evidence was not relevant because

the Commonwealth alleged that the victim had been bound and raped after being beaten unconscious.

Stevens further alleges that trial counsel was deficient for not seeking production of a receipt from a New Jersey hotel signed by the victim which was in possession of the Commonwealth and would have undermined the kidnapping charge. It is also asserted that PCRA counsel's performance was deficient for not raising a claim that Petitioner was convicted and sentenced under two different subsections of the same statute.

Ground Two contends that the Commonwealth's opening and closing statements constituted prosecutorial misconduct because the prosecutor misrepresented certain facts, including statements regarding the conduct and character of the victim. It is also alleged that the Commonwealth ignored and failed to produce evidence (hotel receipt) which would undermine the kidnaping charge; introduced inadmissible photographs and testimony of prior bad acts; allowed false and leading testimony by the victim; failed to preserve or withheld exculpatory physical evidence; neglected to provide defense counsel with a summary of an expert witness's findings; used hearsay testimony; and falsely charged the Petitioner with kidnaping as well as multiple counts of rape. Stevens adds that trial counsel erred by not objecting to, or preserving for appeal, the above listed acts of prosecutorial misconduct. Furthermore, it is alleged that PCRA

counsel was equally ineffective for not raising the above claims.

Ground Three contends that there was insufficient evidence presented at trial to support Stevens' conviction. Petitioner adds that the prosecution overcharged him with multiple crimes in an effort to inflame the jury. Stevens also reiterates his claims that the performances of both trial and PCRA counsel were deficient. *See* Doc. 2, p. 12.

Ground Four sets forth additional ineffective assistance claims that trial counsel failed to investigate, properly prepare for trial, and challenge the pre-sentence report. *See id.* at p. 14 -21. It is specifically alleged that counsel failed to retain an investigator to photograph and collect evidence from the crime scene. It is also alleged that counsel failed to adequately cross examine Commonwealth witnesses, including the victim and a state police trooper; neglected to file pretrial motions to suppress evidence and sever; object to the introduction of prior bad acts testimony; retain a forensics expert; and depose all witnesses.

Ground Five maintains that state correctional officials refused to grant Stevens access to seven (7) electronic discs containing video and audio recordings relating to his criminal case. As a result, Petitioner maintains that his ability to collaterally attack his conviction was impeded.

## II. DISCUSSION

### A. PCRA Counsel

Stevens sets forth multiple claims (some repetitive) that his PCRA counsel provided ineffective assistance for failure to pursue all the arguments which Petitioner wished to pursue. Respondent counters that those contentions cannot be pursued in a § 2254 federal habeas corpus petition. *See* Doc. 16, ¶ 11.

The unambiguous statutory language of 28 U.S.C. § 2254(i) precludes § 2254 habeas relief for ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings. Accordingly, this Court agrees that Petitioner's pending claims of ineffective assistance by PCRA counsel are not a proper basis for federal habeas corpus relief.

### B. Ground Five

As previously discussed, Ground Five maintains that state prison officials removed seven (7) electronic discs containing video and audio recordings relating to his criminal case from his cell. *See* Doc. 2, ¶ 70. As a result, Petitioner claims that he was unable to "perfect" his PCRA appeal. *Id.* at ¶ 73.

It is initially noted that there is no claim by Stevens that the materials on the seven discs were withheld from either his trial counsel or his PCRA attorney. Moreover, since Petitioner acknowledges that these purported deprivations occurred well after his conviction and that he was represented by counsel during

his PCRA proceedings, the alleged improper confiscation of those materials is not a viable basis for overturning his conviction and sentence. Petitioner, if he so chooses, may pursue any allegations of denial of access to personal legal materials while incarcerated in a properly filed civil rights complaint. This Court offers no opinion as to the viability of any such filing.

## C. Exhaustion

Respondent asserts that most of Stevens' pending claims were not exhausted before the Pennsylvania state courts. *See* Doc. 16, pp. 40-41. Respondent does admit that the ineffective assistance claims relating to failure to file a pre-trial motion to sever and failure to cross examine the victim regarding consensual bondage were exhausted.

Petitioner concedes that many of his pending claims are unexhausted. However, Stevens contends that he requested that PCRA counsel pursue those arguments but they were not included in his counseled amended PCRA petition. Since the failure to exhaust was the result of PCRA counsel's ineffective assistance, Petitioner contends that the merits of his unexhausted claims should be addressed under the principles set forth in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012). *See* Doc. 20, p. 4. In the alternative, Stevens asks that this matter be stayed and held in abeyance so that his unexhausted issues can be presented before the state courts. *See id.* at p. 6 & Doc. 20-1, p. 4.

Title 28 United States Code Section 2254(b)(1) provides that an application for a writ of habeas corpus filed on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available state corrective process; or there are existing circumstances which render the state process ineffective. The exhaustion requirement is not a mere formality. It serves the interests of comity between the federal and state systems, by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. However, a Section 2254 petition may be denied on the merits notwithstanding the failure of a petitioner to exhaust available state court remedies.

"A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo,* 548 U.S. 81, 92 (2006) (internal citations omitted); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)(while exhaustion does not require state prisoners to invoke extraordinary remedies, the state courts must be afforded one full opportunity to resolve any constitutional issues via completion of the State's established appellate review process). The Supreme Court of the United States in *O'Sullivan* explained, that state prisoners must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *Id*. at 847. The

Supreme Court added that, in determining whether a state prisoner has preserved an issue for presentation in a federal habeas petition, a court must determine not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies, i.e., whether he has fairly presented his claims to the state courts. *See id.* at 848.

Fair presentation requires that the "substantial equivalent" of both the legal theory and the facts supporting the federal claim be submitted to the state courts, and the same method of legal analysis applied in the federal courts must be available to the state courts. *Evans v. Court of Common Pleas*, 959 F. 2d 1227, 1230 (3d Cir. 1992); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Moreover, to satisfy exhaustion, the state court must be put on notice that a federal claim is being asserted. *Keller v. Larkins*, 251 F.3d 408, 413 (3d Cir. 2001). The exhaustion requirement is satisfied if the petitioner's claims are presented through a collateral proceeding, such as a petition under the PCRA, and it is not necessary to present federal claims to state courts both on direct appeal and in a PCRA proceeding. *Evans*, 959 F.2d at 1230.

The United States Court of Appeals for the Third Circuit has stated that "[U]nder 28 U.S.C. § 2254(c), such a petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question

presented." *Wenger v. Frank*, 266 F.3d 218, 223-24 (3d Cir. 2001). The Supreme Court, noting that a total exhaustion rule "does not unreasonably impair the prisoner's right to relief," has recognized that if a habeas corpus petition containing both exhausted and unexhausted claims is presented, then the entire petition must be dismissed. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). However, "a petition containing unexhausted but procedurally barred claims in addition to exhausted claims is not a mixed petition requiring dismissal under *Rose*." *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993); *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989).

As discussed above, federal habeas corpus relief may not be granted on a mixed petition. However, in both *Rhines v. Weber*, 544 U.S. 269 (2005) and *Crews v. Horn*, 360 F. 3d 146 (3d Cir. 2004), a § 2254 petitioner filed a timely but mixed federal habeas corpus petition (one containing both exhausted and unexhausted claims). Both *Rhines* and *Crews* addressed arguments that federal habeas petitions should be held in abeyance while unexhausted claims were exhausted in state court, because those claims might be time barred upon returning to federal court due to the time limitations imposed by 28 U.S.C. § 2254(b)(1). *Rhines* recognized that under such "limited circumstances" district courts have discretion to stay a mixed § 2254 federal habeas corpus petition so that the petitioner can pursue review of his unexhausted claims in state court. *Rhines*, 544

U.S. at 277. The Third Circuit in *Crews* similarly recognized that in order to avoid an unfair result, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." *Crews*, 360 F.3d at p. 154 (internal citations omitted).

Petitioner's direct appeal raised and exhausted two claims of trial court error, first that Trooper Slavin should not have been permitted to give expert testimony regarding blood spatter evidence. Second, Stevens raised and exhausted the argument that the trial court erred by not allowing cross examination of the victim regarding prior consensual bondage with the defendant.

Stevens' PCRA action raised and exhausted two claims of ineffective assistance of trial counsel. Specifically, Petitioner's argument that trial counsel's performance was deficient for failing to file a pre-trial motion to sever the charges (from two separate incidents) was exhausted. Stevens also exhausted a claim that trial counsel should have filed a motion to allow the consensual bondage line of cross examination.

Clearly, the portion of Ground One regarding prior consensual bondage cross examination was presented before the Pennsylvania state courts and is therefore exhausted. However, the remaining contention of Ground One regarding trial counsel's failure to seek production of a New Jersey hotel receipt was not exhausted in state court.

Ground Two raises allegations of prosecutorial misconduct, none of which were presented before the Pennsylvania state courts. Ground Three also asserts an unexhausted claim that Stevens was overcharged with multiple crimes and there was insufficient evidence to support his conviction. Although Ground Four includes exhausted claims of ineffective assistance by trial counsel, it also presents assertions of ineffective assistance which were not advanced before the Pennsylvania state courts.

With respect to Petitioner's initial response to the non-exhaustion argument, *Martinez* held that ineffective assistance of counsel in a PCRA proceeding could constitute cause for a procedural default. The *Martinez* finding was limited to situations where PCRA counsel failed to raise issues of ineffective assistance by trial counsel and thereby procedurally defaulted those claims for purposes of federal habeas corpus review. *See Boyd v. Bozum*, 2012 WL 3595301 *2 (W.D. Pa. Aug. 21, 2012). While Petitioner's pending federal petition contains unexhausted claims of ineffective assistance by trial counsel which conceivably can be addressed on their merits under *Martinez*, it also includes allegations of prosecutorial misconduct which are not specifically covered by the *Martinez* exception.

As in *Crews*, Stevens should not face the prospect of forfeiting federal court review of any issues. In this regard, there is no indication that Petitioner is seeking

to defer adjudication of his claims or to defeat the interests of finality of state court judgments. Recognizing that Stevens may not have any additional time in which to file a new federal habeas petition if he returns to pursue further state court review, *Crews* counsels in favor of allowing the state courts the initial opportunity to review the pending unexhausted claims. As such, a stay of litigation in this case will be granted so that Stevens may seek state review of his pending unexhausted federal claims. Accordingly, Petitioner's request for a stay and abeyance will be granted.

## III.  CONCLUSION

Petitioner will be granted leave to return to state court so that he may seek review of his pending unexhausted claims. In the event that the state courts refuse to entertain such review, Petitioner may return to this Court and pursue his *Martinez* argument with respect to those unexhausted claims or he may elect to proceed solely with his exhausted claims.

 In order to keep this matter moving forward, within thirty (30) days of disposition of Petitioner's state court proceedings, he shall file a written status report with this Court which shall include a copy of the relevant state court disposition. Failure to timely file the required written status report may be deemed a failure to prosecute by him.

Upon demonstration by Petitioner that his relevant state court proceedings have concluded, the stay issued in this matter will be lifted. Until such time, however, this matter will be marked closed for administrative purposes.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge